JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Rafael Crespo, appeals from the judgment of the Common Pleas Court, rendered after a bench trial, finding him guilty of felonious assault, with a peace officer specification, in violation of R.C. 2903.11, and assault, with a peace officer specification, in violation of R.C. 2903.13. For the reasons that follow, we affirm.
 {¶ 2} Cleveland police officer Dona Feador testified at trial that she and her partner, Officer Andrew Ezzo, were riding in a marked patrol car at approximately 4:00 p.m. on February 29, 2004, when they saw a pickup truck stopped at a green light. The truck jerked back and forth, screeching its tires, as it made a left turn, then went over the curb onto the sidewalk, and stopped. The driver exited the vehicle and began to walk away.
 {¶ 3} Thinking the driver might be under the influence of alcohol, Feador approached the driver, later identified as appellant, and told him to stop. He continued walking away from her, and when she repeated her instruction to stop, he began to run away. Feador ran after him; Ezzo followed in the patrol car.
 {¶ 4} Feador testified that she chased appellant through a parking lot and behind a building. When appellant jumped a fence, Feador got back in the patrol car and she and Ezzo drove around the block. They eventually saw appellant standing in the middle of the road, but when he saw them, he ran into a vacant lot and crouched behind some bushes. When the officers approached him, appellant ran to a nearby fence and tried to climb over it.
 {¶ 5} Ezzo testified that when he grabbed appellant's shirt to stop him from climbing over the fence, appellant turned and swung at him. Appellant missed, and Ezzo grabbed him and pulled him to the ground. Appellant struggled violently as Feador and Ezzo then attempted to handcuff him. According to Feador, appellant "was literally throwing us around like rag dolls." Feador managed to cuff one of appellant's hands, but he swung at her with his other hand and hit her nose.
 {¶ 6} According to Ezzo, appellant "just continued swinging and swinging." Ezzo swung back, breaking his knuckle as he hit appellant's wrist. As the fight continued, Ezzo shouted to the neighbors who were watching to call 9-1-1. Unable to cuff appellant, Ezzo and Feador finally just laid on top of him to hold him until backup officers arrived.
 {¶ 7} These officers testified that appellant was still struggling under Feador and Ezzo when they arrived to assist, and when Feador and Ezzo rolled off appellant, he immediately began struggling again. According to Officer Anthony Espada, it took four officers to finally cuff appellant.
 {¶ 8} Ezzo and Feador were taken to the hospital for treatment. Feador was treated for an abrasion on the bridge of her nose; Ezzo was treated for a "boxer's fracture" of the fifth finger of his right hand. He was in a cast for four and a half weeks and was off work for four and a half months. Ezzo testified that he still has problems with his hand.
 {¶ 9} Appellant testified that he parked his pickup truck at the corner of West 58th Street and Detroit Avenue, got out, and was walking to a restaurant when he heard a voice calling, "Hey you." Appellant kept walking because he did not think the officer was calling to him, but when he realized that she meant for him to stop, he got scared and began running. Appellant testified that he cut through a yard and climbed over a fence to avoid the officers, but when he saw the officers again, he hid behind some bushes. As the female officer approached, he ran toward a fence. She grabbed him by his shirt, pulled him down, and told him he was under arrest. Appellant admitted that he initially resisted, and asked the officers what he had done wrong. According to appellant, both officers struggled with him, and the male officer hit him in his head and all over his body. Appellant testified that he never raised his hands to hit the officers, but only to try to block the blows to his face, and denied that he intended to harm the officers.
 {¶ 10} The trial judge denied appellant's Crim.R. 29(A) motion for acquittal and found him guilty of felonious assault upon Officer Ezzo and assault on Officer Feador. The trial judge sentenced appellant to three years incarceration on the felonious assault conviction and six months on the assault conviction, to be served consecutively. This appeal followed.
 SUFFICIENCY OF THE EVIDENCE {¶ 11} In his first assignment of error, appellant contends that the trial court erred in denying his Crim.R. 29(A) motion for acquittal on the felonious assault charge because the evidence was insufficient to support a conviction.
 {¶ 12} Crim.R. 29(A) provides for a judgment of acquittal "if the evidence is insufficient to sustain a conviction of such offense or offenses." An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 13} R.C. 2903.11, regarding felonious assault, provides that "no person shall knowingly * * * cause serious physical harm to another." "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B).
 {¶ 14} Appellant contends that the State failed to produce evidence that he acted knowingly in assaulting Officer Ezzo. According to appellant, although injury to a police officer during a struggle with a suspect who is resisting arrest ispossible, the State failed to present evidence that injury during such a struggle is probable, i.e., more likely than not. Appellant argues that the prosecutor should have produced statistics regarding how often officers are injured during struggles with persons who are resisting arrest to demonstrate that injury under such circumstances is probable. Further, appellant argues that Officer Ezzo's testimony that he did not know whether he broke his hand when appellant hit him or when he hit appellant indicates that the injury was, at most, merely possible, rather than probable.
 {¶ 15} Appellant's argument, however, ignores Officer Ezzo's testimony that appellant was repeatedly throwing punches at the officers during the struggle and Officer Feador's testimony that appellant was "throwing [the officers] around like rag dolls." It is obvious that, in a physical fight of this magnitude, injury is more than likely to occur. Accordingly, we find no need for statistics to demonstrate the obvious. Nor do we find Officer Ezzo's testimony that he is not sure whether he injured his hand striking appellant or deflecting a blow from appellant relevant to whether appellant knowingly attempted to injure Ezzo. A defendant acts knowingly when, although not intending the result, he or she is nevertheless aware that the result will probably occur. State v. Lee (Sept. 3, 1998), Franklin App. No. 97APA12-1629. Thus, although appellant may not have intended the specific injury at issue (a broken finger), appellant's repeated punches at the officers support an inference that he was aware that his action would cause injury.
 {¶ 16} Because the officers' testimony, construed in a light most favorable to the prosecution, was sufficient to support a reasonable inference that appellant acted knowingly, the trial court did not err in denying appellant's Crim.R. 29(A) motion for acquittal. Appellant's first assignment of error is therefore overruled.
 MANIFEST WEIGHT OF THE EVIDENCE {¶ 17} While the test for sufficiency requires a determination of whether the State has met its burden of production at trial, a manifest weight challenge questions whether the State has met its burden of persuasion. State v.Thompkins (1997), 78 Ohio St.3d 380, 390. When considering an appellant's claim that the conviction is against the weight of the evidence, the reviewing court sits, essentially, as a "`thirteenth juror' and [may] disagree with the fact finder's resolution of the conflicting testimony.'" Thompkins, supra at 387, quoting Tibbs v. Florida (1982), 457 U.S. 31, 42. The reviewing court must examine the entire record, weighing the evidence and considering the credibility of witnesses, while being mindful that credibility generally is an issue for the trier of fact to resolve. State v. Thomas (1982),70 Ohio St.2d 79, 80. The court may reverse the judgment of conviction if it appears that the fact finder, in resolving conflicts in the evidence, "`clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" Thompkins, 78 Ohio St.3d at 387, quotingState v. Martin (1983), 20 Ohio App.3d 172, 175. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. State v. Martin (1983),20 Ohio App.3d 172, 175.
 {¶ 18} In his second assignment of error, appellant argues, for the same reasons set forth in assignment of error one, that the verdict in this case represents a manifest miscarriage of justice. He contends that the evidence regarding the culpable mental state was "speculative at best" and there was no evidence that he knowingly caused Officer Ezzo's injury. He asserts that, at most, he acted recklessly, rather than knowingly. We disagree.
 {¶ 19} As discussed above, the officers' testimony that appellant was repeatedly throwing punches at them during the struggle was sufficient to support a reasonable inference that he acted knowingly. Accordingly, we do not find this to be the exceptional case in which the evidence weighs heavily against the conviction.
 {¶ 20} Appellant's second assignment of error is therefore overruled.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J., and Rocco, J., Concur.