DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant-Defendant Courtney Franklin has appealed from her convictions in the Summit County Court of Common Pleas. This Court affirms.
 I {¶ 2} The facts of the instant appeal are largely undisputed. On the night of February 25, 2005, Appellant was in the company of several of her female friends. Appellant and her friends drove to the parking lot of a local club at approximately 1:30 a.m. on the morning of February 26, 2006, to socialize with those leaving the club. Upon returning from the club, Appellant passed by the home of the victim, Anthony Johnson, Jr., the father of Appellant's baby. In a parked car near that home, Appellant saw Johnson kissing another woman. When Appellant's friend stopped at a stop sign near the car, Appellant left the car and confronted Johnson. The female in the car with Johnson left the scene shortly thereafter.
 {¶ 3} According to Appellant's testimony, she and Johnson then began a heated argument. Appellant asserted that Johnson began to assault her and that the assault continued back to her home. Within the home, Johnson continued to assault her physically and verbally. Appellant retrieved a knife from her kitchen and began waving it at Appellant. While holding the knife, Appellant called 911 and requested that Johnson be arrested for domestic violence. Appellant asserted that Johnson continued to berate her and was not fearful of the knife. Appellant maintained that Johnson sat briefly on a loveseat in her home, but rose to strike her again shortly thereafter. Appellant maintains that she stabbed Johnson in self-defense when he stood to strike her.
 {¶ 4} Following the stabbing, Appellant ran from her home with the knife. She placed the knife inside a bag and placed the bag between the seats of her friend's car. She then drove around the neighborhood with her friend and called 911, attempting to cancel her previous call. She then returned to the scene to find Johnson lying in the street near death. Officers arrived shortly thereafter and began taking statements from those in the area. Initially, Appellant lied about her involvement. She stated that she had argued with Johnson in the street, she had entered her home, and when she emerged a few minutes later Johnson was lying in the street. Police questioned Appellant's statement when they examined her home and noticed its state of disarray. Appellant then admitted that she had lied about her involvement, told the police her version of events, and directed them to the knife.
 {¶ 5} As a result of the Akron Police Department's investigation, Appellant was indicted on the following counts: one count of murder in violation of R.C. 2903.02(B); one count of involuntary manslaughter in violation of R.C. 2903.04(A); one count of involuntary manslaughter in violation of R.C.2903.04(B); and one count of tampering with evidence in violation of R.C. 2921.12(A)(1). A supplemental indictment charged Appellant with one count of voluntary manslaughter in violation of R.C. 2903.03(A). The matter proceeded to a jury trial on July 23, 2005. At the conclusion of trial, Appellant was acquitted of voluntary manslaughter, but found guilty of each of the remaining counts. Appellant was sentenced to an aggregate term of 15 years to life for her convictions. Appellant has timely appealed, raising four assignments of error for review.
 II Assignment of Error Number One
"THE TRIAL COURT [ERRED] IN ENTERING A JUDGMENT AND SENTENCE ON THE CHARGE OF MURDER BY COMMISSION OF FELONIOUS ASSAULT WHEN THE JURY FOUND APPELLANT GUILTY OF INVOLUNTARY MANSLAUGHTER BY COMMISSION OF AGGRAVATED ASSAULT."
 {¶ 6} In her first assignment of error, Appellant has asserted that the trial court erred in sentencing her. Specifically, Appellant has argued that the trial court was required to sentence her for her involuntary manslaughter conviction rather than her murder conviction. We find that Appellant's assertion lacks merit.
 {¶ 7} Appellant did not object in the trial court to her sentencing on this ground and, therefore, waived her right to raise it on appeal. State v. Comen (1990), 50 Ohio St.3d 206,211; State v. Adkins (Jan. 29, 1997), 9th Dist. No. 17828, at *7. During her sentencing hearing, Appellant's counsel agreed that she should be sentenced on the murder conviction.
"THE COURT: I am assuming that you agree with the prosecutor that the two counts of involuntary manslaughter merge into the more serious count of murder; is that correct?
"[Appellant's counsel]: Absolutely, Your Honor. * * * And it is appropriate to deal with that now that they, by law, merge for purposes of sentencing."
Accordingly, Appellant has not preserved her sentencing challenge for appellate review. Appellant's first assignment of therefore, lacks merit.
 Assignment of Error Number Two
"THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE IN ITS JURY INSTRUCTIONS ON SELF-DEFENSE AND THE DUTY TO RETREAT IN ONE'S OWN HOME."
 {¶ 8} In her second assignment of error, Appellant has argued that the trial court erred when it instructed the jury. Specifically, Appellant has alleged that the trial court erroneously instructed the jury on her duty to retreat. We disagree.
 {¶ 9} A trial court must charge a jury with instructions that are a correct and complete statement of the law. Marshall v.Gibson (1985), 19 Ohio St.3d 10, 12. However, the precise language of a jury instruction is within the discretion of the trial court. Callahan v. Akron Gen. Med. Ctr., 9th Dist. No. 22387, 2005-Ohio-5103, at ¶ 6, citing Youssef v. Parr, Inc.
(1990), 69 Ohio App.3d 679, 690. In reviewing jury instructions on appeal, this Court has previously stated:
"[A]n appellate court reviews the instructions as a whole. If, taken in their entirety, the instructions fairly and correctly state the law applicable to the evidence presented at trial, reversible error will not be found merely on the possibility that the jury may have been misled. Moreover, misstatements and ambiguity in a portion of the instructions will not constitute reversible error unless the instructions are so misleading that they prejudicially affect a substantial right of the complaining party." (Citations omitted.) Wozniak v. Wozniak (1993),90 Ohio App.3d 400, 410.
 {¶ 10} Additionally, a trial court has no obligation to give jury instructions in the language proposed by the parties, even if the proposed instruction is an accurate statement of the law.Henderson v. Spring Run Allotment (1994), 99 Ohio App.3d 633,638. "Instead, the court has the discretion to use its own language to communicate the same legal principles." Id. Thus, absent an abuse of discretion, this court must affirm the trial court's language of the jury instructions. The phrase "abuse of discretion" connotes more than an error of judgment; rather, it implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, this court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd., (1993),66 Ohio St.3d 619, 621.
 {¶ 11} Appellant has argued that the following jury instruction, discussing Appellant's duty to retreat within her home, was erroneous.
"Now, the defendant had a duty to retreat if the defendant was at fault in creating the situation of the defendant being assaulted in her home."
Appellant has maintained that a defendant never has a duty to retreat in her home. Appellant's argument lacks merit.
 {¶ 12} "[A] person who, through no fault of her own, is assaulted in her home may stand her ground, meet force with force, and if necessary, kill her assailant, without any duty to retreat." (Emphasis added.) State v. Thomas (1997),77 Ohio St.3d 323, 326. The Ohio Supreme Court's language is consistent with its statement of the general elements of self-defense. To establish self-defense, a defendant must prove the following: (1) the defendant was not at fault in creating the confrontation; (2) the defendant had a genuine belief that she was in imminent danger of death or great bodily harm and that her sole avenue of escape from danger required the use of such force; and (3) the defendant must not have violated any duty to retreat. State v.Robbins (1979), 58 Ohio St.2d 74, paragraph two of the syllabus. Accordingly, in Robbins, the Court made clear that a defendant may not raise a claim of self-defense if she is at fault in creating the confrontation.
 {¶ 13} It follows directly that a defendant, in her home, may not raise self-defense if she is at fault in creating the confrontation. As stated by the Thomas Court, the castle doctrine only applies if the defendant is not at fault. Accordingly, the trial court's statement that Appellant had a duty to retreat, even in her own home, if she was at fault in creating the situation was a correct statement of the law. Appellant's second assignment of error lacks merit.
 Assignment of Error Number Three
"THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR A NEW TRIAL."
 {¶ 14} In her third assignment of error, Appellant has contended that the trial court erred in denying her motion for a new trial. Specifically, Appellant has alleged that she proved that jurors were misled and confused by the trial court's jury instructions. We disagree.
 {¶ 15} Pursuant to Crim.R. 33, a new trial may be ordered when the irregularity in the proceedings before the court prevents an aggrieved party from having a fair trial. Crim.R. 33(A). Because the decision of directing a new trial rests within the sound discretion of the trial court, a reviewing court may reverse a denial of a new trial only if the trial court abused its discretion. State v. Haddix (1994), 93 Ohio App.3d 470,480. An abuse of discretion implies that a trial court's attitude is "unreasonable, arbitrary, or unconscionable." Blakemore,5 Ohio St.3d at 219. Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons,66 Ohio St.3d at 621.
 {¶ 16} The sole evidence presented by Appellant in support of her motion for a new trial consisted of two separate statements given by jurors. Juror testimony is generally not admissible to impeach a jury verdict unless there is supporting evidence aliunde. Evid.R. 606(B); State v. Hessler (2000),90 Ohio St.3d 108, 123. Evidence aliunde is extraneous, independent evidence of alleged conduct based on the firsthand knowledge of one who is not a juror. State v. Schiebel (1990), 55 Ohio St.3d 71, 75. Specifically, Evid.R. 606(B) provides as follows:
"Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith."
On appeal, Appellant has not alleged that any evidence aliunde exists that would impeach the jury's verdict. Furthermore, this Court found above that the trial court properly instructed the jury on self-defense. Accordingly, the trial court did not err in denying Appellant's motion for a new trial. Appellant's third assignment of error lacks merit.
 Assignment of Error Number Four
"THE TRIAL COURT'S JUDGMENT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 17} In her fourth assignment of error, Appellant has asserted that her murder conviction is against the manifest weight of the evidence. Appellant's final assignment of error lacks merit.
 {¶ 18} An appellant has the burden on appeal. See App.R. 16(A)(7); Loc.R. 7(A)(7). "It is the duty of the appellant, not this court, to demonstrate his assigned error through an argument that is supported by citations to legal authority and facts in the record." State v. Taylor (Feb. 9, 1999), 9th Dist. No. 2783-M, at *3. See also, App.R. 16(A)(7); Loc.R. 7(A)(7). Pursuant to App.R. 16(A), an appellant's brief shall include the following:
"(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies."
See, also, Loc.R. 7(A)(7). In addition to reflecting the requirements specified in App.R. 16(A)(7), Loc.R. 7(A)(7) provides that "[e]ach assignment of error shall be separately discussed and shall include the standard of review applicable to that assignment of error."
 {¶ 19} "It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal." Kremer v. Cox (1996),114 Ohio App.3d 41, 60. Moreover, it is not the duty of this Court to develop an argument in support of an assignment of error if one exists. Cardone v. Cardone (May 6, 1998), 9th Dist. Nos. 18349 and 18673, at *8. As we have previously held, we will not guess at undeveloped claims on appeal. See McPherson v. Goodyear Tire Rubber Co., 9th Dist. No. 21499, 2003-Ohio-7190, at ¶ 31, citing Elyria Joint Venture v. Boardwalk Fries, Inc. (Jan. 3, 2001), 9th Dist. No. 99CA007336. Further, this Court may disregard arguments if the appellant fails to identify the relevant portions of the record from which the errors are based. See App.R. 12(A)(2); Loc.R. 7(E).
 {¶ 20} Despite a trial transcript that extends for 1,100 pages, in her final assignment of error, Appellant has not cited to any portion of the record. Rather, Appellant broadly references that her statement of the case and facts support her argument. In State v. Duffield, 9th Dist. No. 22634,2006-Ohio-1823, we found that such a structure does not comport with the appellate rules. Id. at ¶ 11. Furthermore, while Appellant has provided a standard of review for her claim, she has not provided any other legal support for her assertions. Despite alleging that she has a valid self-defense claim, Appellant has not laid out the elements of such a claim in her final assignment of error, let alone attempted to apply the facts to those elements. In fact, Appellant's final assignment of error encompasses less than one page of argument. As we noted above, it is not this Court's function to craft arguments on behalf of Appellant. Accordingly, her final assignment of error lacks merit.
 III {¶ 21} Appellant's four assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Slaby, P.J. Boyle, J. concur.