JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} This is an appeal from the trial court's judgment finding defendant-appellant, Jermaine Reed, guilty of felonious assault and sentencing him to three years incarceration.
 {¶ 2} While he was a patient in the mental health unit of St. Vincent Charity Hospital, Reed became upset after a male nurse told him that he could not use his cell phone, but instead had to use the patients' wall phone. Irritated, Reed tossed his cell phone at the nurse and left the nurses' station, but then returned a few hours later and again asked the nurse for his phone. When the nurse reminded Reed that he was not allowed to make any calls on it, Reed said, "I'm tired of you telling me what I can and can't do," and jumped over the counter of the nurses' station.
 {¶ 3} As Reed came over the counter, the nurse, who was standing by his chair, tripped over the chair wheels and lost his balance. As he tried to regain his balance, Reed punched him twice in his temple. The nurse described what happened next:
 {¶ 4} "As I continued to turn away, this way, he got behind me and pushed me towards the door and my head was down and I hit the door handle with the crown of my head and sustained about a 5 or 6-inch gash. It was pretty bloody."
 {¶ 5} Staff members immediately restrained Reed and the incident was over within 30 seconds. The nurse required eight staples in his head and was out of work for nearly five months as a result of his injuries. *Page 4 
 {¶ 6} R.C. 2903.11, which governs felonious assault, provides that "no person shall knowingly * * * cause serious physical harm to another * * *." The culpable mental state required for felonious assault is knowledge, not purpose or intent. A person acts knowingly when he is aware that his conduct will probably cause a certain result. R.C. 2901.22(B).
 {¶ 7} "Felonious assault under R.C. 2903.11(A), combined with the definition found in R.C. 2901.22(B), does not require that a defendant intend to cause `serious physical harm,' but that the defendant acts with an awareness that the conduct probably will cause such harm."State v. Lee (Sept. 3, 1998), Franklin App. No. 97APA12-1629. A defendant acts knowingly when, although not intending the result, he or she is nevertheless aware that the result will probably occur. Id.
 {¶ 8} Reed first contends that his conviction should be reversed because the trial judge "misapprehended" the correct legal standard for felonious assault, thereby denying him a fair trial. Specifically, Reed argues that "knowingly," as used in the felonious assault statute, means a defendant must understand that serious physical harm was probable, not merely possible, but the trial court construed the term to mean that a defendant is responsible for any serious physical injury thatmight result from the defendant's actions.
 {¶ 9} Our review of the record demonstrates that the trial judge correctly understood and applied the definition of "knowingly" to the facts of this case. The *Page 5 
trial judge correctly first stated that "knowingly doesn't require that there be a specific intent to cause a particular harm." The judge stated further, "[k]nowingly requires that someone voluntarily engage in behavior with an appreciation of what that behavior might result in, and when an individual knowingly strikes someone with a closed fist, then drives them into a wall or a door, a person is held under law to have knowingly caused whatever consequences result."
 {¶ 10} This statement is consistent with the law. If a person commits an act which causes a significant risk of serious harm, his or her actions are sufficient to satisfy the requisite probability of harm under R.C. 2901.22(B). In re Sullivan, Ashtabula App. No. 2003-A-0059,2005-Ohio-1105, at ¶ 27, citing State v. Owens (1997),112 Ohio App.3d 334, 338. Stated another way, when a defendant voluntarily acts in a manner that is likely to cause serious physical injury, the factfinder can infer that the defendant was aware that his actions would cause whatever injury results from his actions, or, in other words, that he acted knowingly. In State v. Crespo, Cuyahoga App. No. 85298,2005-Ohio-4008, at ¶s 14-15, for example, we found that where a defendant was "repeatedly throwing punches" at police officers and "throwing [the officers] around like rag dolls" during a struggle with them, the defendant's actions supported an inference that he was aware that his actions would probably cause serious physical injury, even though he may not have intended the specific injury that occurred during the struggle. *Page 6 
 {¶ 11} Similarly, as the trial court found here, Reed's actions in voluntarily coming over the counter, striking the victim twice in his temple, and then pushing him into a closed door as his head was down support an inference that he was aware that his actions would probably cause serious physical injury. Thus, as the trial court correctly stated, Reed "is held under law to have knowingly caused whatever consequences result[ed]."
 {¶ 12} Reed argues that the fact that the court, when explaining its verdict, stated, "[k]nowingly requires that someone voluntarily engage in behavior with an appreciation of what that behavior might result in * * *," indicates that the court misunderstood the culpable mental state required. This argument is, at best, disingenuous when read in context with the rest of the court's statement in that very same sentence: "* * * and when an individual knowingly strikes someone with a closed fist, drives them into a wall or a door, a person is held under law to have knowingly caused whatever consequences result." The court's explanation was consistent with a correct statement of the law.
 {¶ 13} Reed next argues that his conviction was against the manifest weight of the evidence. When reviewing whether a judgment is against the manifest weight of the evidence, we sit as a thirteenth juror to determine whether the trier of fact clearly lost its way and created a manifest miscarriage of justice. State v. Thompkins (1997),78 Ohio St.3d 380, 387. An appellate court should overturn the trial court's *Page 7 
judgment only in "the exceptional case" where the evidence "weighs heavily against the conviction." Id.
 {¶ 14} Reed contends that, at most, he was guilty only of assault,[1] because the evidence indicated only that he intended to punch and tackle the nurse and there was no evidence that he meant to cause the nurse's head to hit the doorjamb. However, the victim testified that, as he was crouched down, attempting to regain his balance, Reed "basically tackled" him and then "forcibly pushed" him towards the door. In light of this testimony, we do not find this to be the "exceptional case" where the evidence "weighs heavily against the conviction."
 {¶ 15} Reed's argument that his conviction for felonious assault was against the manifest weight of the evidence because the trial court "misapprehended" the "knowingly" element of the crime is also without merit for the reasons discussed above.
 {¶ 16} Reed next argues that the trial court erred in sentencing him to more than two years incarceration, the minimum sentence for a second degree felony. Reed's argument fails, because in State v. Foster (2006),109 Ohio St.3d 1, 2006-Ohio-856, which was released before Reed was sentenced, the Supreme Court of Ohio held that trial courts have full discretion to impose a sentence within the statutory range, without making findings or giving reasons for imposing maximum, *Page 8 
consecutive, or more than minimum sentences. The statutory range for a second degree felony is two to eight years, so the trial court did not err in sentencing Reed to three years incarceration.
 {¶ 17} Finally, Reed's argument that Foster should not apply to his case because his criminal conduct pre-dated the Foster decision, and any retroactive application of Foster is a violation of his due process rights as an ex post facto law, was considered and rejected by this court in State v. Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715, at ¶s 37-48. See, also, State v. Brito, Cuyahoga App. No. 88223,2007-Ohio-1311; State v. McCollins, Cuyahoga App. No. 88657,2007-Ohio-2380; State v. Ferko, Cuyahoga App. No. 88182, 2007-Ohio-1588;State v. Shamaly, Cuyahoga App. No. 88409, 2007-Ohio-3409.
 {¶ 18} Appellant's first, second, and third assignments of error are overruled.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 9 
CHRISTINE T. McMONAGLE, PRESIDING JUDGE
MELODY J. STEWART, J., and FRANK D. CELEBREZZE, JR., J., CONCUR
[1] Assault is governed by R.C. 2903.13, which provides that "[n]o person shall knowingly cause or attempt to cause physical harm to another * * *."
 *Page 1