OPINION
{¶ 1} Defendant, Darryl Booker, appeals from his conviction and sentence for felonious assault.
 {¶ 2} On April 23, 2008, at around 10:00 p.m., Janet Spear was with friends near the corner of Germantown Street and Dennison Avenue in Dayton. Defendant walked by and called Spear a "bitch." An argument ensued, and Defendant and Spear *Page 2 
went back and forth, cussing at each other. When Defendant hit Spear in the face, she hit him back. After tussling with Spear for a few seconds, Defendant picked her up and threw her against a brick wall. Spear did not move and was unresponsive for two or three minutes. As Spear lay motionless on the ground, Defendant continued his attack by kicking her and cussing at her. Deborah Williamson witnessed Defendant's attack on Spear.
 {¶ 3} Police were called, and when they arrived Defendant ran off. Spear refused medical treatment because she did not want to worry her elderly mother. At 5:30 the following morning, Spear awoke when she experienced pain in her chest and had difficulty breathing. When Advil and a muscle relaxer did not relieve Spear's pain, her brother took her to Miami Valley Hospital. X-rays of her chest and shoulder and a CAT scan of her head and neck were performed. Spear's chest and shoulder were badly bruised. She was given a pain shot, as well as Vicodin and Motrin 800.
 {¶ 4} Defendant was indicted on one count of felonious assault. R.C. 2903.11(A)(1). Defendant waived his right to a jury trial, and following a trial to the court Defendant was found guilty as charged. The trial court sentenced Defendant to a three year prison term. *Page 3 
 {¶ 5} Defendant appealed to this court from his conviction and sentence.
FIRST ASSIGNMENT OF ERROR
 {¶ 6} "THE STATE OF OHIO FAILED TO MEET THE THRESHOLD BURDEN OF `SERIOUS PHYSICAL INJURY' FOR THE FELONIOUS ASSAULT CONVICTION."
 {¶ 7} A sufficiency of the evidence argument disputes whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law. State v. Thompkins (1997), 78 Ohio St.3d 380. The proper test to apply is the one set forth in paragraph two of the syllabus of State v.Jenks (1991), 61 Ohio St.3d 259:
 {¶ 8} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."
 {¶ 9} Defendant was found guilty of felonious assault in *Page 4 
violation of R.C. 2903.11(A)(1), which provides:
 {¶ 10} "(A) No person shall knowingly do either of the following:
 {¶ 11} "(1) Cause serious physical harm to another or to another's unborn."
 {¶ 12} Serious physical harm is defined in R.C. 2901.01(A)(5), which provides:
 {¶ 13} "Serious physical harm to persons" means any of the following:
 {¶ 14} "* * *
 {¶ 15} "(c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity."
 {¶ 16} Temporary unconsciousness constitutes a temporary substantial incapacity, and therefore serious physical harm. State v. Jones (Sept. 7, 1999), Butler App. No. CA98-10-222; State v. Czajka (1995),101 Ohio App.3d 564; State v. Mushrush (1999), 135 Ohio App.3d 99. Defendant argues that the evidence presented at trial fails to prove that Spear was ever unconscious because neither Spear nor Deborah Williamson testified that Spear was unconscious. Neither used the word "unconscious" to describe Spear's condition after she hit the wall. *Page 5 
 {¶ 17} Though Spear testified that she doesn't know whether she lost consciousness or not, she also testified:
 {¶ 18} "Q. And, what happened after you hit the Defendant back?
 {¶ 19} "A. We got to tussling and the next thing I know he picked me up and he threw . . threw me. And everybody said I went out, but I don't' remember a lot of that part of it. But, I remember when I'm coming to he was choking me. And, so . ." (T. 14-15).
 {¶ 20} "* * *
 {¶ 21} "Q. Where — where were you thrown?
 {¶ 22} "A. Into the wall where I normally sit.
 {¶ 23} "Q. The — the brick wall that you previously described to us?
 {¶ 24} "A. Un-huh — un-huh.
 {¶ 25} "Q. And, what do you remember once you were thrown?
 {¶ 26} "A. That's all I remember coming to.
 {¶ 27} "Q. Okay.
 {¶ 28} "Do you remember actually hitting the wall with your body?
 {¶ 29} "A. Yes.
 {¶ 30} "Q. And, what do you remember — *Page 6 
 {¶ 31} "A. I remember —
 {¶ 32} "Q. — right after hitting the wall?
 {¶ 33} "A. I remember trying to do my head like this because I felt like dizzy like, trying to do my head like this and that's it. That's all I remember.
 {¶ 34} "Q. Okay.
 {¶ 35} "A. Until I woke up, coming around a little bit." (T. 16).
 {¶ 36} "* * *
 {¶ 37} "Q. What is — what's the first thing you remember after hitting the wall?
 {¶ 38} "A. Coming to, trying to get his hands off my throat. He was choking me and shaking my head — choking me like he's saying, I'll kill you — I'll kill you and that's all I remember.
 {¶ 39} "And I'm trying to get his hands off of my throat and then I couldn't breathe and — because I was trying to holler for help because I heard the guy in the store, he works in our neighborhood store telling him, let her go. That's enough, Booker.
 {¶ 40} "And, then I remember him saying, let her go.
 {¶ 41} "And, the next thing I know the police whipped up and he let go and started running. *Page 7 
 {¶ 42} "No, Ryan helped — came over trying to help him get his hands off of me and that's when the cruisers whipped up and he took off running.
 {¶ 43} "And, somebody had called the police." (T. 17).
 {¶ 44} "* * *
 {¶ 45} "Q. In addition, did you tell anybody at the hospital that you think you might have lost consciousness?
 {¶ 46} "A. I did.
 {¶ 47} "Q. Okay.
 {¶ 48} "Were you not certain?
 {¶ 49} "A. When I come to I'm trying to come up, and then that's when his hands were on my throat and he taking — like choking me with my head going like this talking about, I'll kill you — I'll kill you." (T. 22).
 {¶ 50} Deborah Williamson witnessed the attack on Spear and testified that Spear hit the wall hard, and after that Spear did not move and was unresponsive for a good three minutes. Williamson kept calling out Spear's name during that time, but she did not respond for a good three minutes. Then all of a sudden, Spear started responding and moving.
 {¶ 51} Based upon this testimony of the victim and eye witness, a rational trier of facts could reasonably infer that Spear suffered a brief period of unconsciousness after *Page 8 
Defendant threw her into the brick wall. Temporary unconsciousness is sufficient to constitute a temporary substantial incapacity, Jones;Czajka; Mushrush, and accordingly serious physical harm. R.C. 2901.01(A)(5)(c). Spear's failure to seek immediate medical treatment does not preclude a finding of serious physical harm. State v.Whittsette, Cuyahoga App. No. 85478, 2005-Ohio-4824; State v.Hartley (Mar. 7, 1994), Hocking App. No. 93CA16.
 {¶ 52} Viewing the totality of the evidence in a light most favorable to the State, as we must, we conclude that a rational trier of facts could find all of the essential elements of felonious assault proven beyond a reasonable doubt. Defendant's conviction is supported by legally sufficient evidence.
 {¶ 53} Defendant's first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 54} "THE TRIAL COURT ERRED BY, RESPECTFULLY, ERRONEOUSLY FINDING OF `KNOWINGLY' CULPABLE MENTAL STATE."
 {¶ 55} In this assignment of error which also challenges the sufficiency of the evidence, Defendant argues that the trial court erred when it found that he "knowingly" caused serious physical harm, rather than finding that Defendant acted recklessly. *Page 9 
 {¶ 56} Knowingly is defined in R.C. 2901.22(B):
 {¶ 57} "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
 {¶ 58} Recklessly is defined in R.C. 2901.22(C):
 {¶ 59} "A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."
 {¶ 60} Defendant argues the evidence fails to demonstrate that he knowingly caused serious physical harm to Spear. Defendant claims that a person trying to knock someone unconscious would be more likely to choke or hit the victim on the head than to throw that person against something, and therefore the actor who throws a victim against a wall would not be aware that his conduct would probably cause unconsciousness or serious physical harm. According to Defendant, the evidence shows that he instead acted *Page 10 
recklessly in this case because his purpose was to rid himself of Spear while they were mutual combatants.
 {¶ 61} The evidence presented at trial demonstrates that Defendant provoked Spear and initiated this affray by calling Spear names. When Spear responded in like manner, Defendant hit her in the face. When Spear again responded in like manner, Defendant picked Spear up and threw her against a brick wall. As Spear lay motionless on the ground after hitting the brick wall, Defendant continued his attack by kicking and cussing her.
 {¶ 62} A rational trier of facts could reasonably infer that Defendant was aware that his conduct would probably result in serious physical harm to Spear, and therefore that he acted knowingly. R.C. 2901.22(B);State v. Reed, Cuyahoga App. No. 89137, 2008-Ohio-312; State v.Coleman, Ashtabula App. No. 2006-A-0075, 2007-Ohio-3204.
 {¶ 63} Viewing the totality of the evidence in a light most favorable to the State, as we must, we conclude that a rational trier of facts could find all of the essential elements of felonious assault proven beyond a reasonable doubt. Defendant's conviction is therefore supported by legally sufficient evidence.
 {¶ 64} Defendant's second assignment of error is overruled.
The judgment of the trial court will be affirmed.
DONOVAN, P.J. And BROGAN, J., concur. *Page 1