[Cite as *In re C.L.*, 2026-Ohio-2321.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IN RE C.L.                                      :

A Minor Child                                   :

                                                :                    No. 115562

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 18, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL-25-103314

---

***Appearances:***

A. E. Boles LLC and Alisa Boles, *for appellant*.

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Abigail G. McCoy and Kory C. Roth,
Assistant Prosecuting Attorneys, *for appellee*.

MARY J. BOYLE, J.:

{¶ 1} Delinquent-appellant C.L. ("appellant") appeals the decision of the Cuyahoga County Juvenile Court finding appellant delinquent of felonious assault and disorderly conduct, asserting that there was insufficient evidence that appellant knowingly caused serious physical harm. Appellant raises one assignment of error for our review:

The trial court did not have sufficient evidence to support a finding that [appellant] child knowingly caused serious physical harm.

{¶ 2} After careful review of the record, we affirm.

## I. Facts and Procedural History

{¶ 3} In April 2025, appellant was charged with offenses that if were committed by an adult would constitute felonious assault and disorderly conduct. The charges stemmed from an altercation that occurred at the high school that appellant and C.G.L. attended. The case proceeded to trial.

{¶ 4} C.G.L. testified that she and the appellant were in the same classroom prior to the events but not sitting near each other. When C.G.L. turned in an assignment, she noticed that the appellant pulled up her hood and tucked in her hair, presumably signaling that appellant was getting ready to fight. Appellant exited the classroom first.

{¶ 5} When C.G.L. exited the classroom, appellant was waiting for her and said, "run my shit," which means "let's fight" according to the victim. (Tr. 22.) C.G.L. asked, "[R]ight now?" (Tr. 22.) The appellant responded in the affirmative and before C.G.L. could "fully post . . . get ready to engage," the appellant punched C.G.L. (Tr. 22.) C.G.L. fell to the ground. The appellant was on top of C.G.L. punching her repeatedly until someone pulled the appellant off C.G.L.

{¶ 6} C.G.L. sustained a broken nose, a concussion, and two broken fingers. One finger required surgery. She testified that the other finger was still crooked, which is depicted in defense exhibit Nos. 5 and 6. C.G.L. testified that the bone was

too small to correct with surgery. Her medical records, confirming the broken nose and concussion, were entered into evidence without objection. (State's exhibit A.)

{¶ 7} Two videos capturing the classroom and the incident in the hallway were also admitted into evidence without objection. (State's exhibits B and C.)

{¶ 8} On cross-examination, the testimony revealed that C.G.L. and appellant had prior disagreements dating back to middle school. C.G.L. admitted to punching back in self-defense. She also confirmed that she posted on social media that she "ate the punches" meaning that she "took the punches . . . [she is] still here . . . [she is] still standing . . . [she is] not dead." (Tr. 36.)

{¶ 9} Appellant's photographs depicting C.G.L. soon after the incident were admitted without objection. (Defense exhibit Nos. 1-6.)

{¶ 10} The juvenile court found appellant delinquent of felonious assault and disorderly conduct. At disposition, the trial court ordered that appellant serve six months of probation, maintain employment, participate in a prosocial activity, attend school daily, and engage in counseling. This appeal followed.

## II. Law and Analysis

{¶ 11} In her sole assignment of error, appellant contends that there was insufficient evidence that appellant was aware that her conduct would cause serious physical harm; therefore, the State failed to prove she acted knowingly.

{¶ 12} The test for sufficiency requires a determination of whether the prosecution met its burden of production at trial. *State v. Bowden*, 2009-Ohio-3598, ¶ 12 (8th Dist.). In determining whether the evidence is legally sufficient to

support the factfinder's verdict as a matter of law, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307 (1979).

{¶ 13} Appellant was charged with and found delinquent of felonious assault in violation of R.C. 2903.11(A), which states that "[n]o person shall knowingly . . . cause serious physical harm to another[.]" R.C. 2901.22(B) defines "knowingly" and states that

> [a] person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist. When knowledge of the existence of a particular fact is an element of an offense, such knowledge is established if a person subjectively believes that there is a high probability of its existence and fails to make inquiry or acts with a conscious purpose to avoid learning the fact.

{¶ 14} Appellant admits that she caused serious physical harm; however, she argues that there was insufficient evidence that she *knew* her conduct would cause serious physical harm instead of mere physical harm.[1] She claims that she did not

---

[1] Serious physical harm includes "[a]ny physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity [or] any physical harm that involves some permanent disfigurement or involves some temporary, serious disfigurement." R.C. 2901.01(A)(5)(c) and (d). When an "'assault causes a bone fracture, the element of serious physical harm is met.'" *State v. Montgomery*, 2015-Ohio-2158, ¶ 13 (8th Dist.), quoting *State v. Lee*, 2003-Ohio-5640, ¶ 24 (8th Dist.).

use a weapon, and she alleges, without any evidence in the record, that she had never been in a fistfight; therefore she could not know that her conduct may cause serious physical harm.[2] We find appellant's argument unpersuasive.

{¶ 15} Recently, in *State v. Carpenter*, 2026-Ohio-116, ¶ 50 (8th Dist.), this court reiterated that

> the definition of "knowingly" does not require that a person act with "'specific intent to cause a certain result.'" *State v. Jackson*, 2012-Ohio-4278, ¶ 28 (8th Dist.), quoting *State v. Dixon*, 2004-Ohio-2406, ¶ 16 (8th Dist.). Rather, "'[t]o be actionable it is only necessary that the result is within the natural and logical scope of risk created by the conduct.'" (Cleaned up.) *State v. Lloyd*, 2021-Ohio-1808, ¶ 51 (8th Dist.), quoting *State v. Hampton*, 2016-Ohio-5321, ¶ 13 (8th Dist.). Absent a defendant's own admission, whether an act is committed "knowingly" can only be determined "'from all the surrounding facts and circumstances, including the doing of the act itself.'" *Id.*, quoting *Dixon* at ¶ 16; *State v. Ashley*, 2017-Ohio-188, ¶ 26 (8th Dist.) ("Whether a defendant acted 'knowingly' must be inferred from the totality of the circumstances surrounding the alleged offense.").

{¶ 16} Likewise, in *Bissell*, the Ohio Supreme Court recently emphasized that "an offender's purpose or intention to cause a result is not required when determining an offender's knowledge, 'only an awareness of the probable consequences of one's actions.'" *Bissell*, 2026-Ohio-1965, ¶ 18, quoting *State v. Crawl*, 2025-Ohio-2799, ¶ 17. "In determining whether conduct will 'probably' cause a result, we apply the plain meaning of the word 'probably.'" *Id.* at ¶ 19. "'Probably' means 'insofar as seems reasonably true, factual, or to be expected:

---

[2] We note that appellant cites to this court's decision in *State v. Bissell*, 2024-Ohio-5317 (8th Dist.); however, this case was recently reversed by the Ohio Supreme Court. *See State v. Bissell*, 2026-Ohio-1965. Nevertheless, appellant did not explain how *Bissell* supports her argument that she was unaware that punching someone multiple times in the face and head could cause serious physical harm.

without much doubt.'" *Id.*, quoting Merriam-Webster Online, https://www.merriam-webster.com/dictionary/probably (accessed Apr. 20, 2026) [https://perma.cc/79VL-ULGT]. "This definition is also supported by the Legislative Service Commission comment to R.C. 2901.22, which provides that '[s]omething is "probable" when there is more reason for expectation or belief than not.'" *Id.*

{¶ 17} Furthermore, "'[w]hen a defendant voluntarily acts in a manner that is likely to cause serious physical injury, the factfinder can infer that the defendant was aware that his [or her] actions would cause whatever injury results from his [or her] actions, or in other words, that he [or she] acted knowingly.'" *State v. Kessler*, 2010-Ohio-2094, ¶ 17 (8th Dist.), quoting *State v. Reed*, 2008-Ohio-312, ¶ 6 (8th Dist.). Finally, this court has "recognized that there is an inherent danger of causing serious physical harm when a person hits someone in the face and/or head." *State v. Carson*, 2025-Ohio-166, ¶ 14 (8th Dist.), citing *State v. Jacinto*, 2020-Ohio-3722, ¶ 107 (8th Dist.).

{¶ 18} In this case, the evidence shows that appellant voluntarily started the altercation. She punched C.G.L., knocking her to the ground. Then appellant got on top of C.G.L. and repeatedly punched her in the face and head. Appellant did not stop until someone pulled her off C.G.L. C.G.L. sustained a broken nose, a concussion, and two broken fingers. These injuries are a result within the natural and logical scope of the risk created by appellant's conduct. Therefore, after viewing the evidence in a light most favorable to the State, we find that any rational trier of

fact could have found that appellant knowingly caused serious physical harm, when she repeatedly punched C.G.L. in the face and head.[3]

**{¶ 19}** Accordingly, appellant's sole assignment of error is overruled.

**{¶ 20}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

---

[3] Appellant also argues that this was mutual combat and that neither party expected to cause serious physical harm. Appellant fails to develop this argument, and we decline to do it for her. App.R. 16(A)(7) requires an appellant's brief to include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." App.R. 12(A)(2) permits the court to disregard an assignment of error if the party raising it fails to comply with the requirements of App.R. 16(A). "An appellate court is not obliged to construct or develop arguments to support a defendant's assignment of error and 'will not "guess at undeveloped claims on appeal."'" *State v. Jacinto*, 2020-Ohio-3722, ¶ 56 (8th Dist.), quoting *State v. Piatt*, 2020-Ohio-1177, ¶ 39 (9th Dist.), quoting *McPherson v. Goodyear Tire & Rubber Co.*, 2003-Ohio-7190, ¶ 31 (9th Dist.); *see also State v. Collins*, 2008-Ohio-2363, ¶ 91 (8th Dist.) ("'[I]t is not the duty of this Court to develop an argument in support of an assignment of error if one exists.'"), quoting *State v. Franklin*, 2006-Ohio-4569, ¶ 19 (9th Dist.); App.R. 12(A)(2). Nevertheless, we note that mutual consent to a fight is not a defense to a charge of felonious assault. *State v. Glass*, 2025-Ohio-4670, ¶ 35 (8th Dist.), *In re D.W.*, 2002-Ohio-4173, ¶ 48 (8th Dist.), citing *State v. Dunham*, 118 Ohio App.3d 724, 725 (1st Dist. 1997).

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

EILEEN T. GALLAGHER, P.J., and
EMANUELLA D. GROVES, J., CONCUR